**MORTGAGE MARKET, INC.**

v.

**FDIC as Receiver FOR BANKERS TRUST, et al.**

Civ. A. No. 90–910.

United States District Court, E.D. Louisiana.

Dec. 5, 1991.

Winthrop G. Gardner, Law Office of Winthrop G. Gardner, New Orleans, La., for plaintiff.

Walter C. Thompson, Jr., Mark Powell Seyler and Charles Michael Pisano, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., for defendants.

WICKER, District Judge.

This matter is before the court on motion of defendants Bob A. Hardesty, Raymond A. Lapino, and Myron E. Moorehead ("Hardesty, et al") to dismiss for failure to state a claim upon which relief could be granted and/or for summary judgment. Having reviewed the record, the memoranda and exhibits of counsel, and the applicable law, IT IS ORDERED that the motion of Hardesty, et al to dismiss IS GRANTED.

The facts reveal that in October, 1988, Mortgage Market, Inc. ("MMI") purchased a $250,000 certificate of deposit from Bankers Trust of Louisiana ("Bankers Trust"), a national banking association. In March, 1989, the Office of Comptroller of the Currency ("OCC") declared Bankers Trust insolvent, suspended its operations, and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC

paid MMI $100,000 on its deposit, as required by law, and informed MMI that it would pay the remainder of its deposit according to the pro rata distribution of Bankers Trust's assets among all its depositors.

MMI sued the FDIC and a number of officers and directors of Bankers Trust to recover its deposit. Hardesty, et al are three former outside directors of Bankers Trust. MMI sued under three counts: Count One alleges that a constructive trust existed in favor of the plaintiffs, and Bankers Trust is a constructive trustee [1], Count Two alleges breach of fiduciary duty by all defendants, and Count Three alleges violation of La.Rev.Stat.Ann. § 6:419 (West Supp.1991).[2]

Hardesty, et al assert two arguments for their motion to dismiss: 1) the claims against them are grounded in state law and are preempted by federal law regulating national banks; and 2) the claims are predicated upon a breach of duty by the defendants, but the defendants owe no such duty to depositors such as MMI. The Court will address these arguments in order.

*I. Pre-emption*

■ Hardesty, et al argue that La.Rev. Stat. § 6:419 and state fiduciary duty law is pre-empted by federal law to the extent they apply to this case. The Supreme Court declared an Iowa statute similar to § 6:419 an invalid state attempt to regulate national banks. *Easton v. Iowa*, 188 U.S. 220, 23 S.Ct. 288, 47 L.Ed. 452 (1903). The Court emphasized that the effect of such a statute is to have the officers close the bank as soon as they believe the bank to be insolvent. Although this law may at first seem to protect depositors, it intrudes upon the federal domain of national banks and is therefore an improper state law.

Congress has appointed the OCC as the watchdog of national banks and has delegated to that agency the exclusive power to declare national banks insolvent and assign receivers. 12 U.S.C. § 191 (1989). This circuit has stated that closing a bank seems like "the paradigm discretionary act committed by Congress to the Comptroller's judgment." *FDIC v. Irwin*, 916 F.2d 1051, 1054 (5th Cir.1990). Other courts have recognized the breadth of this discretion and declined to pass judgment on either an OCC decision to keep a bank in operation or actions by officers pursuant to that decision. *See Golden Pacific Bancorp v. Clarke*, 837 F.2d 509 (D.C.Cir.1988); *Fidelity Savings and Loan Ass'n v. Aetna Life and Casualty Corp.*, 440 F.Supp. 862 (N.D.Cal.1977), *aff'd*, 647 F.2d 933 (9th Cir. 1981).

MMI does not offer a single case that holds that state law such as La.Rev.Stat. § 6:419 is not preempted by federal law. Instead, it argues that because the statute only triggers liability to the extent a deposit exceeds the FDIC insurance limit ($100,-000), it is distinguishable from the statute in *Easton* because the bank can still operate without its directors violating the statute. This argument fails to appreciate the role of federal banking regulation. The *Easton* court reasoned that the OCC may wish to leave a bank open although it might temporarily be insolvent if the OCC feels that continued operations may pull the bank from the brink of failure. The Iowa statute would not permit this. Although § 6:419 might permit some future operations, it would not allow officers to accept deposits in excess of $100,000. Obviously large deposits are a particularly helpful influx of capital for a foundering bank. If Hardesty, et al, refused $150,000 of MMI's $250,000 deposit it would have adversely affected the bank and have inter-

---

1. Hardesty, et al, are not defendants to this Count.

2. This provides,

   A. After an officer, director, or employee of a bank learns that the bank is insolvent, he shall not assent to the receipt of any deposit of which all or any portion thereof would not be insured by the Federal Deposit Insurance Corporation or the creation of any debt by the bank.

   B. Whoever violates this Section shall be fined not more than one thousand dollars and shall be individually responsible for any such deposit or debt.

   La.Rev.Stat.Ann. § 6:419 (West 1986).

fered with the OCC's plan for the bank's recovery.

MMI also argues that the statute only creates a private cause of action after the OCC declares insolvency, it does not regulate the day-to-day operations of the bank. This logic is also faulty. MMI is suing allegedly because it would have rather had Hardesty, et al, refuse to accept $150,000 of the MMI's deposit. They allege that state law creates liability for Hardesty, et al's, failure to refuse these funds. The very logic by which they bring this case reveals that this state law does indeed affect the day-to-day operations of national banks. Even MMI admits that "any Louisiana law that as a practical matter mandated the closing of an insolvent national bank could not pass a preemption challenge." (Mem. at 17). As applied in this case, La. Rev.Stat. § 6:419 and state fiduciary duty law intrudes upon the OCC's domain of declaring insolvency in that they practically affect the suspension or continuation of operations by affecting the extent to which banks can accept deposits.

## II. Duty of Officers to Depositors

 A recently enacted Louisiana statute declares that absent some written agreement binding an institution or officer as a fiduciary, there are no implied fiduciary obligations of a financial institution or officer thereof toward its customers or any third party other than shareholders. La. Rev.Stat. § 6:1124; 1991 La.Sess.Law Serv. Act 581 (West). An accompanying note states, "This Act is deemed to be clarifying in nature and shall apply to prior and now existing relationships...." *Id.* Even the case cited by MMI as reciting the hornbook law on the duties of a bank director, states

> (2) They [directors] are not insurers or guarantors of the fidelity and proper conduct of the executive officers of the bank and they are not responsible for losses resulting from their wrongful acts and omissions, provided they exercised ordinary care in the discharge of their own duties.

\*     \*     \*     \*     \*     \*

> (6) Directors are expected to watch the routine of every day's business, but they ought to have a general knowledge of the manner in which the bank's business is conducted, and upon what securities its larger lines of credit are given, and generally to know of and give attention to the important and general affairs of the bank.

*Rankin v. Cooper*, 149 F. 1010 (C.C.D.Ark. 1907). As outside directors, Hardesty, et al did not violate a duty when Bankers Trust accepted MMI's $250,000 deposit.

Accordingly, the Court finds that federal law pre-empts application of La.Rev.Stat. § 6:419 or state fiduciary duty law which would hold Hardesty, et al liable for the uninsured portion of MMI's certificate of deposit. Consequently, IT IS ORDERED that defendant Hardesty, et al's motion to dismiss for failure to state a claim upon which relief could be granted is GRANTED.